[L. A. No. 8924. Department One.—December 15, 1927.]

## J. L. NERSKI et al., Respondents, v. HAMMOND LUMBER CO. (a Corporation), Appellant.

[1] CONTRACTS — UNCERTAINTY — PARTY CHARGEABLE.—Where a contract is loosely drawn and is lacking in definiteness and certainty as to the mutual obligations of the parties sought to be bound by it, the uncertainty is chargeable against the party who prepared the contract; and where such a case is presented on appeal on the judgment-roll alone, without a bill of exceptions or evidence, it must be assumed, even though uncertainty appears upon the face of the contract, that legal evidence was received by the trial court which fully explained the transaction and justified the court's conclusion.

[2] DEEDS OF TRUST — ACTION TO COMPEL RECONVEYANCE — TENDER — TIME.—In an action to compel a reconveyance of property under a deed of trust, upon the payment of a certain sum, although the judgment fails to specify a limit to the time within which the sum should be paid and the reconveyance obtained, the failure to so provide in the judgment is not fatal, but in the interests of clarity and convenience the judgment will be ordered modified to provide that plaintiff shall be allowed a definite time after going down of the *remittitur* to tender payment and obtain a reconveyance.

(1) 4 C. J., p. 735, n. 27.    (2) 42 C. J., p. 405, n. 47, p. 443, n. 75; 38 Cyc., p. 169, n. 10.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

R. L. Horton for Appellant.

Frank J. McDougal for Respondents.

1.  See 6 Cal. Jur. 307; 6 R. C. L. 854.
2.  See 24 Cal. Jur. 535.

SEAWELL, J.—This is an appeal on the judgment-roll alone from a judgment of the superior court of the county of Los Angeles directing defendant, Hammond Lumber Company, upon receipt of $700 from the plaintiffs, or any of them, to reconvey, release, and discharge a deed of trust executed by plaintiffs W. P. Dyer and Katie Dyer, his wife, in favor of defendant as security for the payment of $1,500. The court found that plaintiffs were entitled to a reconveyance upon payment of the lesser sum of $700 under and by virtue of a written agreement between plaintiff W. P. Dyer and said Hammond Lumber Company entered into subsequent to the execution of the deed of trust. The interpretation to be given said agreement is the matter here at issue. Plaintiffs J. L. Nerski and Monana I. Nerski are purchasers from the Dyers of said real property described in the deed of trust and assignees of all rights of the Dyers under said agreement.

It appears from the allegations of the complaint, all of which were found by the court to be true, and from the findings that plaintiff W. P. Dyer and his brother, Robert R. Dyer, copartners doing business under the firm names of Dyer & Dyer Lumber Company and Dyer Construction Company, were purchasers of large quantities of building materials from defendant. As collateral to secure payment of the indebtedness of the partnership to the lumber company then existing or thereafter to arise, plaintiffs W. P. Dyer and Katie Dyer, his wife, on May 12, 1924, executed a deed of trust on real property owned by them, which recited that it was given to secure payment of $1,500 of said indebtedness. Soon thereafter the partnership "got into business difficulties" and it was decided by the defendant, who was the largest creditor, and by the other creditors that they would undertake to make arrangements with the copartnership whereby plaintiff W. P. Dyer should retire from the copartnership and relinquish his entire interest therein to his copartner, Robert R. Dyer, who should thereafter conduct the business under the control of a creditors' committee. As a result of their negotiations the agreement here before us for interpretation was executed by W. P. Dyer and the Hammond Lumber Company. Said agreement is as follows:

"In consideration of the following agreement W. P. Dyer hereby agrees to release Dyer and Dyer Lumber Company from any claims that he may have against the partnership and he does hereby relinquish all his right, title and interest in the partnership to Robert R. Dyer;

"The Hammond Lumber Company will agree that they will not take any action whatever on that certain trust deed made in favor of Hammond Lumber Company and signed by W. P. Dyer and Mrs. Kate Dyer, his wife, for a period of six months from date hereof; it being understood and agreed that when they have [been reimbursed for the $700, for which they stand] guaranteed to the McCleary Lumber Company, and which the Hammond Lumber Company will pay, they will agree to surrender to the said W. P. Dyer the said trust deed, upon receipt of the $700 when received *pro rata* from the business or paid by W. P. Dyer. [The words above in brackets were undoubtedly inadvertently omitted from the contract as set out in the findings. They are included, however, in the answer and no point is made that the contract did not contain the bracket words.]

"It is not the intention of this agreement that the Hammond Lumber Company will apply the first moneys received in payment of the above mentioned $700 but only such part of such moneys as the *pro rata* applicable to said amount bears to the whole Hammond Lumber Company account, or $60.00 for every thousand dollars received by H. L. Company.

"Signed this 5th day of August, 1924."

[1] The contract is loosely drawn and is lacking in definiteness and certainty as to the mutual obligations of the parties sought to be bound by it. This state of uncertainty is chargeable against the appellant, inasmuch as its agent prepared the contract. The case is presented on the judgment-roll alone and we are neither assisted by a bill of exceptions nor a single line of evidence. Such being the case, we must assume, even though uncertainty appears upon the face of the contract, that legal evidence was received by the court which fully explained the transaction and justified the court's conclusion.

[2] Appellant also contends that the judgment directing a reconveyance upon payment to appellant of $700

should have specified a limit to the time within which said sum should be paid and the reconveyance obtained. It is unnecessary for us to here consider or decide whether the tender of the $700 within the time required by the contract and appellant's refusal to accept it would discharge the lien of the deed of trust (Civ. Code, secs. 2905, 1504; 24 Cal. Jur. 534), with the result that respondents would be entitled to the reconveyance of the property without the payment of any sum whatsoever, for the reason that the action has been tried upon the theory that payment of the amount required by the contract of August 5, 1924, remained a condition precedent to the right to obtain a reconveyance even after tender and refusal of the defendant to accept it. Respondents in their complaint prayed that the court direct a reconveyance of the deed of trust upon payment of the sum required by the contract, and they have not appealed from the judgment making reconveyance conditional upon payment to appellant of $700. Where an attempt is made to enforce rights which would have expired but for a tender of payment, it should appear from the complaint that plaintiff is ready and able to make payment, and such readiness and ability, without a deposit in court at the time of the filing of the complaint, is, under modern practice, sufficient to preserve the rights of plaintiff. Since continued ability and readiness on the part of the plaintiff to pay the amount previously tendered is required, it is the practice to provide in the judgment that plaintiff must pay such amount to the defendant within a period of time specified by the court if he would avail himself of the fruits of the judgment. The failure to so provide is not fatal, however, for the defendant may at any time after the entry of the judgment tender to plaintiff performance of the act which the court has directed him to perform, and if the plaintiff then refuses to accept the offer of performance and to pay the amount specified in the judgment, he thereby manifests a lack of readiness and ability to pay the amount previously tendered which precludes him from thereafter enforcing the judgment, and the defendant upon an application to the court may obtain a judicial determination of such fact. In the instant case, however, we deem it advisable, in the interests of clarity and convenience, to modify the judgment hitherto entered by providing that plaintiff shall

be allowed ten days after the going down of the *remittitur* herein to tender the $700 and obtain a reconveyance and release of the deed of trust.

As so modified the judgment is affirmed.

Preston J., and Curtis, J., concurred.

Hearing in Bank denied.

All the Justices concurred.